1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
karl@kr.law
Jeffrey M. Rosenfeld (Bar No. 222187)
jeff@kr.law
Leah Rosa Vulić (Bar No. 343520)
leah@kr.law
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant Pure Health Research LLC
d/b/a Purehealthresearch.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PURE HEALTH RESEARCH LLC, a Wyoming limited liability company d/b/a PUREHEALTHRESEARCH.COM,<br><br>Defendant. | Case No. 3:23-cv-0971-BAS-DEB<br><br>**DEFENDANT PURE HEALTH RESEARCH LLC d/b/a PUREHEALTHRESEARCH.COM'S 12 (b)(2) and 12(b)(6) MOTION TO DISMISS**<br><br>Date:       August 28, 2023<br>Crtrm:     12B<br>Judge:     Hon. Cynthia A. Bashant<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

1   **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE** that, on August 28, 2023, in the above-titled Court,

3   in Courtroom 12B, 12th Floor, 333 West Broadway, San Diego, CA 92101, Defendant

4   Pure Health Research LLC d/b/a Purehealthresearch.com ("Pure Health" or

5   "Defendant") will and hereby does move this Court to dismiss the Class Action

6   Complaint for Violation of the Video Protection Act (the "Complaint") of Plaintiff

7   Gabriella Hernandez ("Plaintiff") pursuant to Federal Rule of Civil Procedure

8   ("Rule") Fed. R. Civ. P. 12 (b)(2) for lack of personal jurisdiction and Rule 12(b)(6)

9   for failure to state a claim.

10      This motion is made following the conference of counsel that took place on

11  July 21, 2023.

12

13  Respectfully submitted,

14  DATED: July 28, 2023                    **KRONENBERGER ROSENFELD, LLP**

15

16                                          By:  s/ Karl S. Kronenberger
                                                 Karl S. Kronenberger
17                                               150 Post Street, Suite 520
                                                 San Francisco, CA 94108
18                                               karl@kr.law
                                                 Telephone: (415) 955-1155
19                                               Fax: (415) 955-1158

20

21                                          Attorneys for Defendant Pure Health
                                            Research LLC d/b/a Purehealthresearch.com
22

23

24

25

26

27

28

1    Defendant Pure Health Research LLC ("Defendant") moves, and provides this

2    memorandum in support of its motion, to dismiss all claims and causes of action of

3    Plaintiff Gabriela Hernandez ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(2),

4    because Defendant does not have sufficient minimum contacts with California to be

5    subject to personal jurisdiction in California, and pursuant to Fed. R. Civ. P. 12(b)(6),

6    because Plaintiff has failed to state a claim upon which relief can be granted.

7    Defendant is a company operating out of Virginia that sells supplements via its

8    website, purehealthresearch.com. Plaintiff, who does not even claim to have ever

9    purchased these products, seeks to hale Defendant into court in California to defend

10   against a putative class action for purported violation of the Video Privacy Protection

11   Act, 18 U.S.C. § 2710, *et seq.* ("VPPA"), a law designed to protect video service

12   subscribers against unlawful sharing of their personal identifying information with

13   third parties—based upon Plaintiff's alleged viewing of a marketing video embedded

14   within Defendant's website. Plaintiff's interpretation of the law is not only

15   unreasonable but, if applied, would essentially render every e-commerce company

16   subject to liability in any court, regardless of whether it ever marketed its products to

17   consumers there, or whether it ever engaged in the business of offering video services.

**Factual And Procedural Background**

18

19   Defendant is not a video services provider, nor does it regularly generate video

20   content; rather, the company sells supplements. The video that is the subject of this

21   suit appeared on a general background information page about the company, one that

22   details the company's "mission." [Dkt. 1 at ¶11.]

23   Plaintiff's Complaint asserts a single cause of action against Defendant for

24   purported violation of the VPPA. Specifically, Plaintiff seeks damages for

25   Defendant's alleged disclosure of her "video watching behavior" on Defendant's

26   website to Google Analytics. [Dkt. 1 at ¶11.] Plaintiff also seeks damages for

27   Defendant allegedly storing and submitting to Google a "_gid cookie," which the

28   Complaint describes as a "unique personal identification number for Google

1  accounts." [Dkt. 1 at ¶¶13-14.]

2      Importantly, Plaintiff does not claim to be Defendant's customer or subscriber.

3  She claims to have "used" Defendant's products before, [Dkt. 1 at ¶16], but does not

4  claim to have ever purchased one. She does not identify any specific products that she

5  has purchased. The Complaint does not identify any products that she intended to

6  research or purchase when accessing the website.

7      The Complaint alleges Defendant is operating the website out of Virginia. [Dkt.

8  1 at ¶5.] The Complaint additionally alleges (without support): "Plaintiff believes that

9  Defendant generates a minimum of eight percent of its online revenues based upon

10  its website interactions with Californians." [Dkt. 1 at ¶3.] Otherwise, the Complaint

11  does not allege that there was any other contact with the state of California. The

12  Complaint does not even allege that Plaintiff was in California at the time she

13  accessed the website.

**ARGUMENT REGARDING 12(b)(2)**

14

15  **A.    Defendant Is Not Subject To Personal Jurisdiction In California**

16      **1.    <u>Legal Standard</u>**

17      A district court has personal jurisdiction over an out-of-state defendant if: "(1)

18  jurisdiction exists under the forum state's long-arm statute, and (2) the assertion of

19  personal jurisdiction is consistent with the limitations of the due process clause."

20  *Lang Van, Inc. v. VNG Corp.,* No. SACV 14-0100 AG (JDEx), 2019 WL 8107873,

21  at *2 (C.D. Cal. Nov. 21, 2019), citing *Pac. Atl. Trading Co. v. M/V Main Exp.*, 758

22  F.2d 1325, 1327 (9th Cir. 1985). "'Because California's long-arm jurisdictional

23  statute is coextensive with federal due process requirements, the jurisdictional

24  analyses under state law and federal due process are the same.'" *Id.,* quoting

25  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

26      Where a defendant is a nonresident, the court must determine whether specific

27  jurisdiction exists. "For a court to exercise personal jurisdiction over a nonresident

28  defendant consistent with due process, that defendant must have 'certain minimum

1  contacts' with the relevant forum, 'such that the maintenance of the suit does not

2  offend traditional notions of fair play and substantial justice.'" *College Source, Inc.*

3  *v. Academy One, Inc.,* 653 F.3d 1066, 1073 (9th Cir. 2011), quoting *Int'l Shoe Co. v.*

4  *State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S.

5  Ct. 154, 90 L. Ed. 95 (1945). The Supreme Court addressed the "minimum contacts"

6  necessary to create specific jurisdiction in *Walden v. Fiore* and held that the "proper

7  focus is 'the relationship among the defendant, the forum, and the litigation,'" and

8  that "it is the defendant, not the plaintiff or third parties, who must create contacts

9  with the forum State." 571 U.S. 277, 291, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014),

10  quoting *Calder v. Jones*, 465 U.S. 783, 788, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).

11  Specifically criticizing California's "sliding scale approach," the Supreme Court

12  explained further in *Bristol-Myers Squibb Co. v. Superior Court of California* that

13  what is needed for jurisdiction is "a connection between the forum and the specific

14  claims at issue." 582 U.S. 255, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017).

15  "[T]here must be 'an affiliation between the forum and the underlying controversy,

16  principally, [an] activity or an occurrence that takes place in the forum State and is

17  therefore subject to the State's regulation." *Id.* at 1780, quoting *Goodyear Dunlop*

18  *Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d

19  796 (2011). The Ninth Circuit has repeatedly stated that in cases sounding in tort, it

20  employs the "purposeful direction" test, also called the "effects" test, in considering

21  questions of personal jurisdiction.  This test has three prongs.  For a court to exercise

22  specific jurisdiction over a non-resident defendant, that defendant must have "(1)

23  committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm

24  that the defendant knows is likely to be suffered in the forum state." *Axiom Foods,*

25  *Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017), quoting  *Calder v.*

26  *Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

27        A defendant acts intentionally when it acts with "an intent to perform an actual,

28  physical  act  in  the  real  world,  rather  than  an  intent  to  accomplish  a  result  or

1   consequence of that act." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209 (9th

2   Cir. 2020), quoting *Schwarzenegger*, 374 F.3d at 806. With respect to the second

3   prong, "while a theory of individualized targeting may remain relevant to the

4   minimum contacts inquiry, it will not, on its own, support the exercise of specific

5   jurisdiction, absent compliance with what *Walden* requires." *Axiom Foods, Inc.*, 874

6   F.3d at 1070.

7           **a.**     **This Court Lacks General Jurisdiction Over Defendant, a**

8                 **Nonresident**

9       Plaintiff has not clearly stated whether it is relying on general or specific

10  jurisdiction in alleging this Court has personal jurisdiction in the complaint.

11  However, Defendant cannot be subject to general personal jurisdiction in California

12  because it lacks "continuous and systematic general business contacts" that

13  "approximate physical presence" in California. *Schwarzenegger*, 374 F.3d at 801.

14  "This is an exacting standard, as it should be, because a finding of general jurisdiction

15  permits a defendant to be haled into court in the forum state to answer for any of its

16  activities anywhere in the world." *Id.* "For an individual, the paradigm forum for the

17  exercise of general jurisdiction is the individual's domicile; for a corporation, it is an

18  equivalent place, one in which the corporation is fairly regarded as at home."

19  *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 924. Here, Plaintiff alleges

20  Defendant is a Virginia entity, and makes no allegation that it is "at home" in

21  California. Thus, general jurisdiction is inappropriate, and Defendant is considered to

22  be a nonresident, for which the Court must conduct an analysis as to whether

23  Defendant has the sufficient minimum contacts to support a finding of specific

24  jurisdiction for this case.

25          **b.**     **This Court Lacks Specific Jurisdiction Over Defendant**

26      Plaintiff has failed to establish the sufficient minimum contacts and purposeful

27  direction required under the Ninth Circuit to establish a finding of specific jurisdiction

28  in this case—particularly for a VPPA claim. "[M]ere 'bare bones' assertions of

1   minimum contacts with the forum or legal conclusions unsupported by specific

2   factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG*

3   *LLP*, 476 F.3d 756, 766 (9th Cir. 2007). The Ninth Circuit has additionally stated that

4   "[o]perating a universally accessible website alone cannot satisfy the express aiming

5   prong [of the three prong "effects" test for personal jurisdiction]." *Spy Optic, Inc. v.*

6   *AreaTrend, LLC*, 843 F. App'x 66, 68 (9th Cir. 2021). "Instead, a plaintiff must also

7   show that the website 'directly target[ed] the forum.'" *Id.,* quoting *AMA Multimedia,*

8   *LLC*, 970 F.3d at 1210.  A defendant "directly targets a forum" when the defendant's

9   website "appeals to, and profits from, an audience in [that] state." *Spy Optic, Inc.*,

10  843 F. App'x at 68, quoting *Mavrix Photo*, 647 F.3d at 1231.

11          Additionally, it is important to perform the jurisdictional analysis in the context

12  of the claims asserted. For a State to exercise jurisdiction consistent with due process,

13  the defendant's **suit-related conduct** must create a substantial connection with the

14  forum State." *Walden*, 571 U.S. at 284 (emphasis supplied). While commercial sales

15  within a state may be relevant in some contexts for assessing whether jurisdiction is

16  proper, such as where the sales themselves are at issue, "that a website is commercial

17  in nature and interactive does not necessarily mean there is personal jurisdiction."

18  *DFSP Kollective Co Ltd. v. Bourne*, 897 F.Supp.2d 871, 881 (N.D. Cal. 2012). In the

19  context of a VPPA claim, where there is no evidence that a plaintiff's viewing of a

20  video "was relevant to any commercial transaction, whether contemplated or actually

21  consummated," the commercial nature of a website is insufficient to support a finding

22  of jurisdiction. *Carroll v. J.M. Smucker Company*, No. C 22-08952 WHA, 2023 WL

23  4053796, at *4 (N.D. Cal. June 15, 2023). In *Carroll*, the plaintiffs alleged they had

24  previously purchased the defendant's products "multiple times," but in the absence

25  of any connection between those purchases and the viewing of the videos in question,

26  the court held "[g]eneral references to defendant's online sales to California and

27  plaintiffs' past purchases of [defendant's products] are orthogonal to whether the

28  conduct violative of VPPA alleged here ties to California." *Id*.

1    Likewise, in this case, Plaintiff's VPPA claim is not predicated on the purchase

2  of any product. Rather, her claim is based on the alleged transmittal of data from a

3  Virginia-based website to a third party. The mere fact that Plaintiff is a California

4  resident (or that Defendant purportedly does sales in California) is insufficient to

5  satisfy the purposeful direction test, or to justify haling Defendant into court for

6  operating a universally accessible website that can be reached from California.

7    Importantly, where a defendant moves to dismiss a complaint for lack of

8  personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction

9  is appropriate.  Plaintiff cannot "simply rest on the bare allegations of its complaint,

10  but rather [is] obligated to come forward with facts, by affidavit or otherwise,

11  supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d

12  784, 787 (9th Cir. 1977).

13    Plaintiff's Complaint includes only one assertion in support of its jurisdictional

14  claim: Plaintiff's unsupported belief that Defendant "generates a minimum of eight

15  percent of its online revenues based upon its website interactions with Californians."

16  [Dkt. 1 at ¶3.] There are no allegations to support the claim that Defendant targeted

17  California with its website. Plaintiff has not met her burden of establishing that

18  specific jurisdiction exists over Defendant.

19    **3.    Jurisdictional Discovery Should Be Denied**

20    The Ninth Circuit has repeatedly stated that "[w]here a plaintiff's claim of

21  personal jurisdiction appears to be both attenuated and based on bare allegations in

22  the face of specific denials made by the defendants, the Court need not permit even

23  limited discovery." *See e.g., Spy Optic,* 843 Fed. App'x at 69. Plaintiff's jurisdictional

24  arguments here are also nearly identical to those raised in *Carroll*, in which the court

25  noted that "'jurisdictional discovery regarding Defendant's online sales figures for

26  California versus nationwide sales figures would not rescue plaintiffs' jurisdictional

27  deficiencies . . . [defendant] has done no act and consummated no transaction, nor has

28  it performed any act by which it purposefully availed itself of the privilege of

1  conducting activities' in California relevant to this action." *Carroll*, 2023 WL

2  4053796 at \*5. There is no need for even limited discovery here. Any such discovery

3  would be futile, and Plaintiff's claims should be dismissed for lack of personal

4  jurisdiction.

5  **ARGUMENT REGARDING 12(b)(6)**

6  **A.    Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted**

7       **1.    <u>Legal Standard</u>**

8       In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Ninth Circuit

9  has explained that while a court must accept as true all material allegations in the

10  complaint, as well as all reasonable inferences to be drawn from them, a court need

11  not accept as true unreasonable inferences or conclusory legal allegations cast in the

12  form of factual allegations. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988

13  (9th Cir. 2001); *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Although

14  a court cannot consider material outside the complaint such as facts presented in briefs

15  or affidavits without converting a Rule 12(b)(6) motion into a motion for summary

16  judgment, a court may consider exhibits submitted with or alleged in the complaint

17  and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.

18  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *as amended*

19  (Aug. 4, 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

20       Dismissal pursuant to Rule 12(b)(6) is proper where there is either a "lack of a

21  cognizable legal theory or the absence of sufficient facts under a cognizable legal

22  theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

23  Further, a leave to amend may be denied plaintiff when "the court determines that the

24  allegation of other facts consistent with the challenged pleading could not possibly

25  cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d

26  1393, 1401 (9th Cir. 1986).

27  **ARGUMENT REGARDING VIOLATION OF VPPA**

28       Plaintiff asserts one cause of action, for violation of the VPPA. The Video

1    Privacy Protection Act provides that "[a] video tape service provider who knowingly

2    discloses, to any person, personally identifiable information concerning any

3    consumer of such provider shall be liable to the aggrieved person." 18 U.S.C. §

4    2710(b)(1). To plead a claim under the VPPA, a plaintiff must allege that "(1) a

5    defendant is a 'video tape service provider,' (2) the defendant disclosed 'personally

6    identifiable information concerning any customer' to 'any person,' (3) the disclosure

7    was made knowingly, and (4) the disclosure was not authorized by section

8    2710(b)(2)." However, the VPPA, by its plain language, only applies to a specific

9    category of providers and a specific category of consumers:

> (1) the term "consumer" means any renter, purchaser, or subscriber of goods

10       or services from a video tape service provider

11       [. . .]

> (4) the term "video tape service provider" means any person, engaged in the

12       business, in or affecting interstate or foreign commerce, of rental, sale, or

13       delivery of prerecorded video cassette tapes or similar audio visual
         materials, or any person or other entity to whom a disclosure is made

14       under subparagraph (D) or (E) of subsection (b)(2), but only with respect

15       to the information contained in the disclosure.

16   Although few courts have thus far considered whether this law can be applied on

17   similar fact patterns to those at issue here, those courts to have considered the issue

18   in this circuit have favored dismissal. In *Carroll v. Gen. Mills, Inc.*, No.

19   CV231746DSFMRWX, 2023 WL 4361093 (C.D. Cal. June 26, 2023), the plaintiffs

20   alleged, as here, that their video-viewing activity had been shared with third parties.

21   In granting dismissal, the court held that the VPPA "does not cover every company

22   that merely delivers audio visual materials ancillary to its business," but that a

23   plaintiff seeking to bring a claim under the VPPA is required to plead facts

24   demonstrating that the delivery of such materials was the defendant's "particular field

25   of endeavor." *Id.* at *3. Similarly, in *Jefferson v. Healthline Media, Inc.*, No. 3:22-

26   CV-05059-JD, 2023 WL 3668522, at *3 (N.D. Cal. May 24, 2023), the plaintiff

27   alleged that she was a "subscriber" because she provided her "name and email

28   address," but the court dismissed where there was no allegation to support that she

1  ever received any good or service in exchange for her subscription.

2      Most recently, in *Salazar v. Paramount Global*, No. 3:22-CV-00756, 2023 WL

3  4611819 (M.D. Tenn. July 18, 2023), the court considered the issue and held that the

4  statute does not apply to general individuals who are not subscribing to video viewing

5  services. *Id*. Dismissing the case, the court noted that to find otherwise "would lead

6  to an unreasonable interpretation of the statute[,]" imposing liability in situations that

7  would have "nothing to do with video content" and which would be "ill suited for a

8  claim under the [VPPA]." *Salazar* at \*11. *See also Carter et al. v. Scripps Networks,*

9  *LLC.*, No. 1:22-CV-02031 – Document 46 (S.D.N.Y. April 24, 2023) (similarly

10  concluding that consumers can only be considered subscribers under the statute when

11  they "subscribe to audio visual materials.").

12      Although this is an evolving area of law, the interpretation of the statute that

13  Plaintiff advocates for would essentially require that every online company be treated

14  as a "video tape service provider" under the VPPA. Plaintiff has not alleged any facts

15  to suggest that she subscribed to any content or made any purchase from Defendant,

16  or that Defendant's primary business is in the delivery of videos; on the contrary, her

17  Complaint makes clear that Defendant is in the business of selling **products**. For these

18  reasons, her claim should be dismissed under Rule 12(b)(6) without leave to amend.[1]

19                              **CONCLUSION**

20      Plaintiff cannot establish that Defendant has any significant contacts or

21  substantial connection in California.  This Court cannot exercise personal jurisdiction

22  over Defendant. Further, Plaintiff's claim falls short of alleging facts sufficient to

23  allege a cognizable legal theory for recovery by Plaintiff under the VPPA.  This case

24  should be dismissed, without leave to amend.

25

26  [1] Additionally, although Plaintiff contends in the Complaint that any "ordinary person" would connect the _gid cookie to her identity, this is not plausible, and the Court is not required to adopt this assertion as true for purposes of resolving this motion to dismiss. Defendant therefore contends

27  that "video viewing activity" and the _gid cookie do not constitute personally identifiable information, that Plaintiff has separately failed to plead facts sufficient to satisfy this element of her

28  VPPA claim, and that this is a separate basis for dismissal.

1   Respectfully submitted,

2   DATED: July 28, 2023                    **KRONENBERGER ROSENFELD, LLP**

3

4                                           By:  s/ Karl S. Kronenberger

5                                                Karl S. Kronenberger
                                                 150 Post Street, Suite 520
6                                                San Francisco, CA 94108
                                                 karl@kr.law
7                                                Telephone: (415) 955-1155
                                                 Fax: (415) 955-1158
8

9                                           Attorneys for Defendant Pure Health
10                                          Research LLC d/b/a Purehealthresearch.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28