1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
karl@kr.law
Jeffrey M. Rosenfeld (Bar No. 222187)
jeff@kr.law
Leah Rosa Vulić (Bar No. 343520)
leah@kr.law
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendant Pure Health Research LLC
d/b/a Purehealthresearch.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>PURE HEALTH RESEARCH LLC, a Wyoming limited liability company d/b/a PUREHEALTHRESEARCH.COM,<br><br>        Defendant. | Case No. 3:23-cv-00971-BAS-DEB<br><br>**DEFENDANT PURE HEALTH RESEARCH LLC d/b/a PUREHEALTHRESEARCH.COM'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      September 25, 2023<br>Crtrm:    12B<br>Judge:    Hon. Cynthia A. Bashant<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 25, 2023, in the above-titled Court, in Courtroom 12B, 12th Floor, 333 West Broadway, San Diego, CA 92101, Defendant Pure Health Research LLC d/b/a Purehealthresearch.com ("Pure Health" or "Defendant") will and hereby does move this Court to dismiss the First Amended Class Action Complaint (the "FAC") of Plaintiff Gabriella Hernandez ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction, Rule (b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim.

This motion is made following the conference of counsel that took place on August 14, 2023.

Respectfully submitted,

DATED: August 21, 2023          **KRONENBERGER ROSENFELD, LLP**

By: s/ Karl S. Kronenberger
    Karl S. Kronenberger
    150 Post Street, Suite 520
    San Francisco, CA 94108
    karl@kr.law
    Telephone: (415) 955-1155
    Fax: (415) 955-1158

Attorneys for Defendant Pure Health
Research LLC d/b/a Purehealthresearch.com

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

INTRODUCTION ................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................. 1

ARGUMENT ........................................................................................................... 3

   A.   Defendant is not subject to personal jurisdiction in California (Rule 12(b)(2), and this Court lacks subject matter jurisdiction (Rules 12(b)(1)). ........................................................................................... 3

       1. Legal Standard ................................................................................ 3

         a. This Court lacks general jurisdiction over Defendant, a nonresident. ....................................................................... 4

         b. This Court lacks specific jurisdiction over Defendant..................... 5

       2. The Court lacks subject matter jurisdiction over this case.................... 7

       3. Jurisdictional discovery should be denied............................................. 8

   B.   Plaintiff fails to state a claim upon which relief can be granted (Rule 12(b)(6)). ............................................................................... 9

       1. Legal Standard ................................................................................ 9

       2. Plaintiff's claim for violation of Cal. Penal Code §631(a) fails. ........... 9

       3. Plaintiff's claim for violation of Cal. Penal Code §632.7 fails........... 12

       4. Plaintiff's claim for unauthorized access to computer data under Cal. Penal Code §502 fails........................................................ 13

       5. Plaintiff's invasion of privacy claim fails. .......................................... 15

       6. Plaintiff's claim for intrusion upon seclusion fails. ............................ 16

CONCLUSION ...................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

Page(s)

<u>Cases</u>

*AMA Multimedia, LLC v. Wanat*,
    970 F.3d 1201 (9th Cir. 2020) ........................................................................ 4, 5

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
    551 F.2d 784 (9th Cir. 1977) .............................................................................. 7

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017) ............................................................................ 4

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) .............................................................................. 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... 14

*Bristol-Myers Squibb Co. v. Superior Ct. of Califrnia, San Francisco Cnty.*,
    582 U.S. 255, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017)................................. 4

*Brodsky v. Apple, Inc.*,
    2019 WL 4141936 (N.D. Cal. Aug. 30, 2019) .................................................. 14

*Brown v. Google LLC*,
    525 F.Supp.3d 1049 (N.D. Cal. 2021) .............................................................. 14

*Byars v. Hot Topic, Inc.*,
    2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) ................................................. 7, 8

*Calder v. Jones*,
    465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).................................. 3, 4

*Cody v. Boscov's, Inc.*,
    2023 WL 2338302 (C.D. Cal. Mar. 2, 2023)................................................... 11

*College Source, Inc. v. Academy One, Inc.*,
    653 F.3d 1066 (9th Cir. 2011) ............................................................................ 3

//

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,

    751 F.3d 990 (9th Cir. 2014) ................................................................ 14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,

    564 U.S. 915, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)................................ 4, 5

*Harris v. CVS Pharmacy, Inc.*,

    2015 WL 4694047 (C.D. Cal. Aug. 6, 2015) ...................................................... 7

*Hernandez v. Hillsides, Inc.*,

    47 Cal. 4th 272 (2009) ........................................................................ 16

*Hill v. Nat'l Collegiate Athletic Ass'n*,

    7 Cal. 4th. 1 (1994) ............................................................................ 16

*In re Facebook, Inc. Internet Tracking Litig.*,

    956 F.3d 589 (9th Cir. 2020) .......................................................... 16, 17

*In re Google Assistant Privacy Litig.*,

    457 F.Supp.2d 797 (N.D. Cal. 2020) ................................................... 17

*In re Google Location Hist. Litig.*,

    428 F.Supp.3d 185 (N.D. Cal. 2019) .................................................... 16

*In re iPhone Application Litig.*,

    844 F.Supp.2d 1040 (N.D. Cal. 2012) ................................................. 18

*In re Silicon Graphics Inc. Sec. Litig.*,

    183 F.3d 970 (9th Cir. 1999) ................................................................ 9

*In re Vizio, Consumer Privacy Litig.*,

    238 F.Supp.3d 1204 (C.D. Cal. 2017) .................................................. 18

*In re Yahoo Mail Litig.*,

    7 F.Supp.3d 1016 (N.D. Cal. 2014) ..................................................... 17

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,

    326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)................................... 3

*Kollective Co Ltd. v. Bourne*,

    897 F.Supp.2d 871 (N.D. Cal. 2012) ..................................................... 6

iii  **DEFENDANT'S MOTION TO DISMISS**

*Lang Van, Inc. v. VNG Corp.*,
   No. SACV 14-0100 AG (JDEx), 2019 WL 8107873 (C.D. Cal. Nov. 21, 2019) . 3

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ................................................................. 9

*Licea v. American Eagle Outfitters*,
   2023 WL 2459630 (C.D. Cal., March 7, 2023) ..................................... 10

*Licea v. Cinmar, LLC*,
   2023 WL 2415592 (C.D. Cal. March 7, 2023) ............................... 10, 13

*Licea v. Vitacost.com., Inc.*,
   2023 WL 5086893 (S.D. Cal. July 24, 2023) ....................... 11, 12, 13

*Low v. LinkedIn Corp.*,
   900 F.Supp.2d 1010 (N.D. Cal. 2012) ................................................ 18

*Mastel v. Miniclip SA*,
   549 F.Supp.3d 1129 (E.D. Cal. 2021) ................................................ 10

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ............................................................. 5

*Moledina v. Marriott Int'l, Inc.*,
   2022 WL 16630276 (C.D. Cal. Oct. 17, 2022) ...................................... 6

*Pac. Atl. Trading Co. v. M/V Main Exp.*,
   758 F.2d 1325 (9th Cir. 1985) ............................................................. 3

*Pena v. GameStop, Inc.*,
   2023 WL 3170047 (S.D. Cal. April 27, 2023) .................................... 11

*Petkevicius v. NBTY, Inc.*,
   2017 WL 1113295 (S.D. Cal. Mar. 24, 2017) ...................................... 7

*Saleh v. Nike, Inc.*,
   562 F.Supp.3d 503 (C.D. Cal. 2021) ................................................... 6

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ............................................................. 9

*Schwarzenegger v. Fred Martin Motor Co.*,

    374 F.3d 797 (9th Cir. 2004) ........................................................ 3, 4, 5

*Sprewell v. Golden State Warriors,*

    266 F.3d 979 (9th Cir. 2001) ................................................................ 9

*Spy Optic, Inc. v. AreaTrend, LLC*,

    843 F. App'x 66 (9th Cir. 2021) ........................................................ 5, 8

*Swartz v. KPMG LLP*,

    476 F.3d 756 (9th Cir. 2007) ................................................................ 5

*W. Min. Council v. Watt*,

    643 F.2d 618 (9th Cir. 1981) ................................................................ 9

*Walden v. Fiore,*

    571 U.S. 277, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ................................ 3, 6

*Williams v. What If Holdings, LLC.*,

    2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) .................................................. 10

*Yoon v. Lululemon USA, Inc.*,

    549 F.Supp.3d 1073 (C.D. Cal. July 15, 2021) ........................................... 15, 16


Statutes

18 U.S.C. §2710 ....................................................................................... 1

28 U.S.C. §1332(d)(2) ................................................................................. 7

Article I, section 1 of the California Constitution ................................................ 15

Cal. Penal Code §502 ........................................................................... 2, 8, 13

Cal. Penal Code §631(a) ...................................................................... 9, 10, 11, 12

Cal. Penal Code §632.7 ......................................................................... 12, 13


Rules

Fed. R. Civ. P. 12(b)(1) ............................................................................. 1, 3

Fed. R. Civ. P. 12(b)(2) .............................................................................. 1

Fed. R. Civ. P. 12(b)(6) .......................................................................... 1, 9

Fed. R. Evid. 201 ....................................................................................... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant Pure Health Research LLC ("Defendant") moves, and provides this memorandum in support of its motion, to dismiss all claims and causes of action of Plaintiff Gabriela Hernandez ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(1), because this Court lacks subject matter jurisdiction where Plaintiff has failed to plausibly allege facts in support of the amount in controversy requirement of $5,000,000; Fed. R. Civ. P. 12(b)(2), because Defendant does not have sufficient minimum contacts with California to be subject to personal jurisdiction in California; and pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a claim upon which relief can be granted as to any of her five causes of action.

Defendant is a company operating out of Virginia that sells supplements via its website, purehealthresearch.com. Plaintiff seeks to hale Defendant into court in California to defend against a putative class action under various theories of recovery—all based upon Plaintiff's alleged access of a browser-based chat feature on Defendant's website, and information she claims Defendant accessed or shared about her when she used this feature. In making her claims, Plaintiff does not point to any harm she has actually suffered, impermissibly pointing to technological capabilities which, she argues, **might** have allowed Defendant to access certain aspects of her personal information. She further argues that Defendant is liable to her for invading her privacy by allegedly "intercepting" chat conversations to which it was party. Plaintiff's interpretation of the law is not only unreasonable but, if applied, would essentially render every e-commerce company subject to liability in any court for engaging with customers who messaged it on its own platform. For these reasons, Plaintiffs' claims should be dismissed in their entirety, without leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed her Complaint in this action on May 25, 2023, alleging a single violation of the Video Privacy Protection Act, 18 U.S.C. §2710 ("VPPA").

1

[D.E. 1 at ¶28.] In response, Defendant filed its Motion to Dismiss, in which it sought dismissal for lack of personal jurisdiction and for failure to state a claim for which relief can be granted. [*See* D.E. 8.] In her First Amended Complaint (the "FAC"), filed on August 5, 2023, Plaintiff no longer seeks to recover under the VPPA but instead asserts five new causes of action on behalf of herself and a putative class: two claims brought under the California Invasion of Privacy Act ("CIPA"), one under the California Unauthorized Access to Computer Data Act ("CDAFA"), one constitutional privacy claim, and one claim for intrusion upon seclusion. [*See generally* D.E. 9.]

Plaintiff's claims stem from her use of the online chat feature available to users on purehealthresearch.com. Plaintiff alleges that Defendant, which operates the website, uses so-called "Identity Resolution Spyware" to gather information about its users, including herself. [D.E. 9 at ¶21.] Specifically, she claims that Defendant obtained her IP address, name, location, e-mail address, browsing history, and other personal information, and that this information was then shared virally with other companies that use the same software. [D.E. 9 at ¶22.] She offers no factual basis for these beliefs.

Plaintiff next alleges that Defendant used a third-party company, SalesForce, to acquire and transmit copies of chat transcripts between Defendant and herself. [D.E. 9 at ¶¶27-29.] She further claims this data is "integrated" with and thereafter used by Meta, Inc. subsidiaries (such as Facebook and WhatsApp). [D.E. 9 at ¶31.] Plaintiff offers no factual basis for these beliefs.

Plaintiff finally argues that Defendant is subject to personal jurisdiction pursuant to California Penal Code Section 502(j), and because she claims Defendant generates at least eight percent of its annual revenue from sales to Californians. [D.E. 9 at ¶3.] Defendant now moves to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim for which relief can be granted. //

**ARGUMENT**

**A.**     **Defendant is not subject to personal jurisdiction in California (Rule 12(b)(2)), and this Court lacks subject matter jurisdiction (Rule 12(b)(1)).**

**1.**     <u>Legal Standard</u>

A district court has personal jurisdiction over an out-of-state defendant if: "(1) jurisdiction exists under the forum state's long-arm statute, and (2) the assertion of personal jurisdiction is consistent with the limitations of the due process clause." *Lang Van, Inc. v. VNG Corp.,* No. SACV 14-0100 AG (JDEx), 2019 WL 8107873, at \*2 (C.D. Cal. Nov. 21, 2019), citing *Pac. Atl. Trading Co. v. M/V Main Exp.*, 758 F.2d 1325, 1327 (9th Cir. 1985). "'Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same.'" *Id.,* quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

Where a defendant is a nonresident, the court must determine whether specific jurisdiction exists. "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum, 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *College Source, Inc. v. Academy One, Inc.,* 653 F.3d 1066, 1073 (9th Cir. 2011), quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). The Supreme Court addressed the "minimum contacts" necessary to create specific jurisdiction in *Walden v. Fiore* and held that the "proper focus is 'the relationship among the defendant, the forum, and the litigation,'" and that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." 571 U.S. 277, 291, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014), quoting *Calder v. Jones*, 465 U.S. 783, 788, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). Specifically criticizing California's "sliding scale approach," the Supreme Court explained further in *Bristol-Myers Squibb Co. v. Superior Court of California* that

what is needed for jurisdiction is "a connection between the forum and the specific claims at issue." 582 U.S. 255, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017). "[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at 1780, quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011). The Ninth Circuit has repeatedly stated that in cases sounding in tort, it employs the "purposeful direction" test, also called the "effects" test, in considering questions of personal jurisdiction. This test has three prongs. For a court to exercise specific jurisdiction over a non-resident defendant, that defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017), quoting *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

A defendant acts intentionally when it acts with "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209 (9th Cir. 2020), quoting *Schwarzenegger*, 374 F.3d at 806. With respect to the second prong, "while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *Axiom Foods, Inc.*, 874 F.3d at 1070.

### a.   This Court lacks general jurisdiction over Defendant, a nonresident.

Plaintiff has not clearly stated whether it is relying on general or specific jurisdiction in alleging this Court has personal jurisdiction in the complaint. However, Defendant cannot be subject to general personal jurisdiction in California because it lacks "continuous and systematic general business contacts" that "approximate

physical presence" in California. *Schwarzenegger*, 374 F.3d at 801. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 924. Here, Plaintiff alleges Defendant is a Virginia entity, and makes no allegation that it is "at home" in California. Thus, general jurisdiction is inappropriate, and Defendant is considered to be a nonresident, for which the Court must conduct an analysis as to whether Defendant has the sufficient minimum contacts to support a finding of specific jurisdiction for this case.

### b.  <u>This Court lacks specific jurisdiction over Defendant.</u>

Plaintiff has failed to establish the sufficient minimum contacts and purposeful direction required under the Ninth Circuit to establish a finding of specific jurisdiction in this case. "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). The Ninth Circuit has additionally stated that "[o]perating a universally accessible website alone cannot satisfy the express aiming prong [of the three prong "effects" test for personal jurisdiction]." *Spy Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 68 (9th Cir. 2021). "Instead, a plaintiff must also show that the website 'directly target[ed] the forum.'" *Id.,* quoting *AMA Multimedia, LLC*, 970 F.3d at 1210. A defendant "directly targets a forum" when the defendant's website "appeals to, and profits from, an audience in [that] state." *Spy Optic, Inc.*, 843 F. App'x at 68, quoting *Mavrix Photo*, 647 F.3d at 1231.

Additionally, it is important to perform the jurisdictional analysis in the context of the claims asserted. For a State to exercise jurisdiction consistent with due process,

the defendant's **suit-related conduct** must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284 (emphasis supplied). While commercial sales within a state may be relevant in some contexts for assessing whether jurisdiction is proper, such as where the sales themselves are at issue, "that a website is commercial in nature and interactive does not necessarily mean there is personal jurisdiction." *DFSP Kollective Co Ltd. v. Bourne*, 897 F.Supp.2d 871, 881 (N.D. Cal. 2012). In the context of a data privacy claim, jurisdiction is inappropriate over an out-of-state defendant accused of recording conversations when it is the plaintiff who initiates the conversation in the first place. *See Moledina v. Marriott Int'l, Inc.*, 2022 WL 16630276, at *4 (C.D. Cal. Oct. 17, 2022).

Plaintiff has not pled any facts establishing that Defendant expressly aimed its web chat functionality at California. In considering whether jurisdiction exists, courts consider "the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Saleh v. Nike, Inc.*, 562 F.Supp.3d 503, 513 (C.D. Cal. 2021). In *Moledina*, the plaintiff argued that a defendant aimed conduct at California, individually targeting him, by allegedly intentionally recording an audio call whom the defendant knew or should have known was in California; the court held this was "not enough to confer specific jurisdiction." 2022 WL 16630276 at *3. Here, similarly, apart from offering conclusory assertions that Defendant targeted California residents, Plaintiff has failed to allege facts sufficient to support a jurisdictional claim. Plaintiff has not alleged that the claims relate to any forum-directed conduct. For these reasons, the Court should dismiss her claims for lack of personal jurisdiction.

Importantly, where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise,

1   supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d

2   784, 787 (9th Cir. 1977). In the absence of any allegations to support the claim that

3   Defendant targeted California with its chat functionality on its website, Plaintiff has

4   not met her burden of establishing that specific jurisdiction exists over Defendant.

### 2.   The Court lacks subject matter jurisdiction over this case.

6      Plaintiff contends this Court has subject matter jurisdiction under 28 U.S.C.

7   §1332(d)(2) pursuant to the Class Action Fairness Act of 2005 ("CAFA"). [D.E. 9 at

8   ¶1.] To meet CAFA's jurisdictional requirements, in addition to establishing diversity

9   as between at least one plaintiff and one defendant, the case must include a minimum

10   of 100 class members, and the aggregate amount in controversy must exceed

11   $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d)(2). A plaintiff bears

12   "the same burden for establishing CAFA jurisdiction as it would hold a defendant

13   who removed the case to this Court and faced a motion to remand from the plaintiff."

14   *Petkevicius v. NBTY, Inc.*, 2017 WL 1113295, at *3 (S.D. Cal. Mar. 24, 2017). When

15   an amount in controversy is contested, "'both sides submit proof and the court

16   decides, by a preponderance of the evidence, whether the amount-in-controversy

17   requirement has been satisfied.'" *Harris v. CVS Pharmacy, Inc.*, 2015 WL 4694047,

18   at *3 (C.D. Cal. Aug. 6, 2015).

19      In *Byars v. Hot Topic, Inc.*, another case filed by Plaintiff's counsel with nearly

20   identical allegations to those here, the court raised the issue of subject matter

21   jurisdiction *sua sponte*. 2023 WL 2026994, at *5 (C.D. Cal. Feb. 14, 2023). In finding

22   the plaintiff had failed to allege facts which supported a finding of subject matter

23   jurisdiction, the court had this to say:

> [T]he FAC does not allege a single fact about [the defendant's] business, other
> than aspects of its alleged "wiretapping" on its website, which are boilerplate
> allegations that Plaintiff's Counsel asserts against virtually every business he
> sues under CIPA. What does [the defendant] do? What does it sell? What kinds
> of "goods and services" that Plaintiff was "genuinely interested in" does it
> offer? Is it a big company? Small company? Does it do lots of business in
> California? A little business? Any business? How much business does it do

through its website? For those individuals who use the website, how many of them used the chat feature from a mobile phone? Is it not far more common to buy products from [the defendant] (and use the chat feature) on a computer, not a mobile phone? In other words, what about [the defendant's] *website specifically* and the *chat feature specifically* make it "plausible" that 1,000 or more people are in this putative class? There is no way of knowing from the FAC.

*Id.* Citing to *Petkevicius*, the court in *Byars* went on to note that the Plaintiff must do more than make threadbare allegations that "because California has a large population, at least 1,000 Californians must qualify as class members." *Byars*, 2023 WL 2026994 at *6. Additionally, the court noted that attorney's fees can only appropriately be considered for purposes of establishing minimum amounts in controversy where there is a **mandatory** fee-shifting provision. *Id.* Here, as in *Byars*, Plaintiff alleges claims under CIPA (maximum damages of $5,000 per violation) and CDAFA (maximum damages of $5,000 per violation). CIPA does not include an attorney's fees provision, and the fees provision under CDAFA is discretionary. Cal. Penal Code §502(d)(5)(e)(2). Accordingly, Plaintiff has failed to allege facts sufficient to meet her burden of alleging facts to support that she has met the $5,000,000 amount in controversy minimum to support subject matter jurisdiction under CAFA.

### 3. <u>Jurisdictional discovery should be denied.</u>

The Ninth Circuit has repeatedly stated that "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *See e.g., Spy Optic,* 843 Fed. App'x at 69. There is no need for even limited discovery here. Any such discovery would be futile, and Plaintiff's claims should be dismissed for lack of both personal and subject matter jurisdiction.

//

//

//

**B.  Plaintiff fails to state a claim upon which relief can be granted (Rule 12(b)(6)).**

### 1.  Legal Standard

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), the Ninth Circuit has explained that while a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *W. Min. Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). Although a court cannot consider material outside the complaint such as facts presented in briefs or affidavits without converting a Rule 12(b)(6) motion into a motion for summary judgment, a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *as amended* (Aug. 4, 1999); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Dismissal pursuant to Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Further, a leave to amend may be denied plaintiff when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Here, Plaintiff has failed to allege plausible facts sufficient to allow any of her five claims to survive, and this Court should therefore dismiss this case in its entirety.

### 2.  Plaintiff's claim for violation of Cal. Penal Code §631(a) fails.

As a preliminary matter, Plaintiff's claim should fail because this case does not involve telephonic or telegraphic communications. CIPA §631(a) applies to "any person who by means of any machine, instrument, or contrivance, or in any other

manner, intentionally taps, or makes unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system." However, Plaintiff's claims in this case do not involve telephone or telegraph claims; rather, they involve data allegedly intercepted online. Courts interpreting this statute in the context of internet-based claims have consistently held it does not apply to such claims. *See, e.g.*, *Licea v. American Eagle Outfitters*, 2023 WL 2459630, at *5 (C.D. Cal., March 7, 2023) (Noting that the argument this statute applies to internet usage "has been uniformly rejected")[1]; *Williams v. What If Holdings, LLC.* 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) ("[T]he first clause of Section 631(a) concerns telephonic wiretapping specifically, which does not apply in the context of the internet"); *Mastel v. Miniclip SA*, 549 F.Supp.3d 1129, 1135 (E.D. Cal. 2021) ("The court will therefore follow the overwhelming weight of authority requiring a plaintiff to plausibly allege that a defendant intentionally tapped or made an unauthorized connection with a telegraph or telephone wire, line, cable, or instrument to state a claim under §631(a)'s first clause.").

Next, Plaintiff's CIPA §631(a) claim should be dismissed because Plaintiff has failed to plausibly allege a violation of any of the operative clauses of §631(a). The three mechanisms for liability under §631(a) include: (1) "intentional wiretapping," (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire, and (3) "attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *Mastel*, 549 F.Supp.

---

[1] This was a case brought by Plaintiff's counsel, in which Plaintiff asserted nearly identical allegations to those made here. In that case, just as here, the plaintiff alleged that they used a smartphone to access the website in an effort to circumvent Section 631(a)'s requirement. The same result was reached in *Licea v. Cinmar, LLC*, 2023 WL 2415592 at *5 (C.D. Cal. March 7, 2023), another case with nearly identical allegations which Plaintiff's counsel brought.

at 1134; *quoted by Licea v. Vitacost.com., Inc.*, 2023 WL 5086893 at *2 (S.D. Cal. July 24, 2023) (hereinafter "Vitacost"). In *Vitacost*, a case brought in this district by Plaintiff's counsel with nearly identical allegations, the plaintiff alleged that the defendant recorded and eavesdropped upon the plaintiff and class members by using software to run its web-based chat feature, allowing a third-party vendor (in that case, NiceCXone) to allegedly intercept, store, and eavesdrop upon these chat-based conversations. *Id.* at *1. The court found the allegation that the defendant eavesdropped "on its own conversations without consent . . . incoherent," and noted that by the same standard the plaintiff "would equally be 'eavesdropping' on the same conversation." *Id.* at *2.

The court similarly rejected the plaintiff's argument that a defendant "records" its own conversation, noting "[a] party to a conversation is not liable under Section 631(a) for recording its own conversation." *Id.* at *3 (citing cases); *see also Cody v. Boscov's, Inc.*, 2023 WL 2338302, at *2 (C.D. Cal. Mar. 2, 2023) ("Defendant was a party to the customer chats at issue in Plaintiff's complaint. Thus, under this well-established 'party exception,' Plaintiff's claim that Defendant is directly liable for wiretapping fails and amendment would be futile."). Although a defendant who is a party to the communication may still be liable if the defendant recorded or eavesdropped on their own conversation for purposes of committing a criminal or tortious act, this narrow exception to the well-established rule does not apply in situation where the alleged tortious or criminal act was the CIPA violation itself. *Pena v. GameStop, Inc.*, 2023 WL 3170047 at *5 (S.D. Cal. April 27, 2023). In *Pena*, the court held that this exception did not apply, even though the plaintiff argued that the defendant engaged in tortious or criminal conduct by allegedly intercepting chat conversations and creating transcripts to share with third parties "to analyze to extract key words for marketing an[d] other purposes." *Id.* Here, under nearly identical allegations, the court should reach the same conclusion.

Finally, the court in *Vitacost* rejected as "incoherent" the plaintiff's argument

that the defendant recorded the communications as a method of eavesdropping, because the claims involved text-based chats. *Vitacost*, 2023 WL 5086893 at *3. As the court noted:

> Such communications are, by their very nature, recorded. It is only by composing and fixing a message, and then by transmitting that recorded message, that communication through a chat feature could occur. Each party to a chat communication necessarily records that party's own message in sending it to the other party. The sender's consent to recording in this manner is self-evident. And once again, by Plaintiff's standard, Plaintiff himself would equally be "recording" his chat conversation with Defendant.

*Id.* Here, where the plaintiff has asserted nearly identical claims, this court should follow the reasoning adopted in *Vitacost* and find that Plaintiff has failed to plausibly allege a violation of §631(a).[2] Section 631(a) does not apply to the type of internet-based communications which Plaintiff suggests, and even if it did, Plaintiff has failed to adequately plead facts sufficient to satisfy the elements of this claim. The Court should therefore dismiss Plaintiff's first claim without leave to amend.

### 3.  Plaintiff's claim for violation of Cal. Penal Code §632.7 fails.

A defendant is liable under CIPA §632.7 who, "without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." However, once

---

[2] Here, as in *Licea*, Plaintiff also claims that Defendant is liable for "aiding and abetting" a third party (in this case Salesforce) in violating CIPA § 631(a). [D.E. 9 ¶¶49-50.] However, as in *Licea*, Plaintiff failed to plead a claim against the third-party vendor, and therefore there can be no derivative liability. *See Licea*, 2023 WL 5086893 at *3. However, as in *Licea*, even if Plaintiff had asserted such a third-party claim, it would fail. *Id.* ("This Court agrees with those decisions holding that a website owner that engages a vendor to record website-based communications for the website owner's own purposes is not thereby aiding and abetting eavesdropping by a third party in violation of Section 631(a).")

again, Plaintiff's claim is predicated on the alleged use of a cellular device to access the internet.

In *Cinmar*, Plaintiff's counsel asserted an identical argument. The court rejected it, noting that "section 632.7 only applies to the five types of calls enumerated above. Plaintiffs do not adequately allege a claim under section 632.7 because their pleading do not allege they communicated with [d]efendant using telephone technology." 2023 WL 2415592 at *12. The court in *Cinmar* gave three reasons for this holding: (1) California's appellate courts have rejected the same argument; (2) the plain language of the statute only applies to the specific kinds of communications enumerated; and (3) legislative history shows that California's legislature has made numerous amendments without amending this statute to support a broader interpretation. *Id.* at *11-*12. In *Vitacost*, the court adopted this reasoning from *Cinmar*, noting further that "[p]laintiff's use of his smartphone—not to make a phone call, but rather to engage the chat feature of Defendant's website—arguably independently places Plaintiff's own device outside the scope of a 'cellular radio telephone.'" 2023 WL 5086893 at *5. Here, as in these other cases that Plaintiff's counsel has brought, the plain language of the statute prevails: Plaintiff cannot support a claim under CIPA §632.7 because this internet-based claim does not involve the specific categories of communication included in that statute's breadth. The Court should therefore dismiss Plaintiff's second claim and, as in *Vitacost* and *Cinmar*, do so without leave to amend.

### 4.   Plaintiff's claim for unauthorized access to computer data under Cal. Penal Code §502 fails.

Plaintiff's third cause of action is for a violation of CDAFA. CDAFA liability attaches when a person "[k]nowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network." Cal. Penal Code

§502(c)(2). "[T]o allege that a defendant acted without permission under [CDAFA], a plaintiff must allege that the offending software was designed in such a way to render ineffective any barriers that [the plaintiffs] must wish to use to prevent access to their information." *Brodsky v. Apple, Inc.*, 2019 WL 4141936, at *9 (N.D. Cal. Aug. 30, 2019). For example, the court in *Brown v. Google LLC* relied on this argument in declining to dismiss a case where the plaintiffs alleged that the hidden code at issue would transmit their data even when they accessed the browser in "private browsing mode." 525 F.Supp.3d 1049, 1075 (N.D. Cal. 2021); by contrast, in *Brodsky*, the court dismissed the case where the plaintiffs had failed to allege how they attempted to prevent access to their information. *Brodsky*, 445 F.Supp.3d at 119.

As a preliminary matter, Plaintiff's CDAFA claim fails due to her failure to allege that Defendant took any action which would violate the statute. The sole conduct which Plaintiff claims violated CDAFA is limited to "knowingly installing the Identity Resolution Spyware to access class member devices and extract their personal information." [D.E. 9 at ¶64.] Plaintiff does not claim Defendant actually used the alleged spyware to access her device—only that Defendant installed the software.

Next, Plaintiff's CDAFA claim fails due to lack of plausibility. A plaintiff must include sufficient "factual enhancement" to cross "the line between possibility and plausibility." *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Where a complaint presents two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation. *See id.* at 996. Although the FAC points to several examples of how other companies have allegedly accessed and used personal data, it does not allege any facts to support its claim that Plaintiff's personal data was accessed or used. Instead, it points to "examples" of what other companies have done with data that they have allegedly collected. [*See, e.g.*, D.E. 9 at ¶20 (listing information categories gathered "[i]n the above example"); ¶21 (noting

1    allegations of doxing from the "above example")]. She then contends, without factual
2    basis or support, that she has been de-anonymized, bombarded with targeted
3    advertising, prevented from surfing the web anonymously, and exposed to a
4    heightened risk of identity theft. [D.E. ¶¶22-23.] But hypothetical actions of third
5    parties cannot give rise to a cause of action against Defendant. Indeed, Plaintiff has
6    failed to identify any information that was actually collected by Defendant, or that
7    Defendant has used any such information, or that she has experienced any harm that
8    allows her to infer such conduct. If Plaintiff's claims were allowed to stand, any
9    website operator would automatically be subject to liability on the grounds that a
10   potential for misuse could exist. That is not sufficient to support a claim.

11          Finally, even if Plaintiff's claims were plausible, they would still fail here
12   because Plaintiff has given her consent by accessing the website and using the chat
13   feature. She has not alleged that she ever took any measures to prevent her user
14   browsing information from being accessed or used as she voluntarily interacted with
15   Defendant's website. As discussed in *Brodsky*, her allegations are therefore
16   insufficient to support a claim for violation of CDAFA. For these reasons, Plaintiff's
17   CDAFA claim should be dismissed.

18          **5.    Plaintiff's invasion of privacy claim fails.**

19          Plaintiff next asserts a constitutional claim to privacy, arguing that the chat
20   feature on Defendant's website constituted a "serious invasion of privacy." [D.E. 9 at
21   ¶72.] Article I, section 1 of the California Constitution confers an inalienable right to
22   privacy, but to assert a claim on this basis, "a plaintiff must demonstrate three
23   elements: (1) a legally protected privacy interest; (2) a reasonable expectation of
24   privacy under the circumstances; and (3) conduct by the defendant that amounts to a
25   serious invasion of the protected privacy interest." *Yoon v. Lululemon USA, Inc.*, 549
26   F.Supp.3d 1073, 1086 (C.D. Cal. July 15, 2021). Under the California Constitution,
27   "[l]legally recognized privacy interests are generally of two classes: (1) interests in
28   precluding the dissemination or misuse of sensitive and confidential information

1  ('informational privacy'); and (2) interests in making intimate personal decisions or

2  conducting personal activities without observation, intrusion, or interference

3  ('autonomy privacy')." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th. 1, 35 (1994).

4  "But the autonomy privacy protects **bodily** autonomy; courts have not extended the

5  concept to **data** autonomy." *Yoon*, 549 F.Supp.3d at 1086 (emphasis original).

6  Although the Ninth Circuit has recognized that a privacy interest can exits as to online

7  browsing data in certain circumstances, this ruling was in the context of a situation

8  where the browsing data was collected across the internet, even after the user had

9  logged out of their Facebook accounts. *In re Facebook, Inc. Internet Tracking Litig.*,

10  956 F.3d 589, 602-03 (9th Cir. 2020). Meanwhile, "[c]ourts have been less willing to

11  find that users have a cognizable privacy interest in browsing data collected only

12  while users interact with the website of the defendant company." *Yoon*, 549 F.Supp.3d

13  at 1086. *See also In re Google Location Hist. Litig.*, 428 F.Supp.3d 185, 198 (N.D.

14  Cal. 2019) (finding no cognizable privacy interest where Google "only tracked and

15  collected data during use of Google services").

16  ### 6.   Plaintiff's claim for intrusion upon seclusion fails.

17  Plaintiff's final cause of action is for intrusion upon seclusion. "To state a claim

18  for intrusion upon seclusion under California common law, a plaintiff must plead that

19  (1) a defendant 'intentionally intrude[d] into a place, conversation, or matter as to

20  which the plaintiff has a reasonable expectation of privacy[,]' and (2) the intrusion

21  occur[red] in a manner highly offensive to a reasonable person." *In re Facebook*, 956

22  F.3d at 601 (quoting *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009))

23  (alterations original). Because the tests are so similar, courts often consider intrusion

24  upon seclusion claims together with constitutional privacy violation claims,

25  particularly as to whether "(1) there exists a reasonable expectation of privacy, and

26  (2) the intrusion was highly offensive." *Id.* At minimum, an expectation of privacy

27  requires a plaintiff to conduct themselves, "in a manner consistent with an actual

28  expectation of privacy, i.e., he or she must not have manifested by his or her conduct

a voluntary consent to the invasive actions of defendant." *In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1037-38 (N.D. Cal. 2014). Defendant is unaware of any authority that holds a plaintiff has a reasonable expectation of privacy in general internet browsing data. In *Facebook*, which arguably came the closest, the Ninth Circuit's analysis of the plaintiffs' reasonable expectations turned on the fact that Facebook had specifically made express representations that entitled the users to understand their browsing data would not be collected. *In re Facebook*, 956 F.3d at 602 (relying on "Facebook's affirmative statements that it would not receive information from third-party websites after users had logged out" to conclude the plaintiffs had "plausibly alleged that Facebook set an expectation that logged-out user data would not be collected," an expectation it then violated when it "collected [the data] anyway."). Meanwhile, the sharing of such data, in the absence of some other harm, does not support the "highly offensive" prong of the analysis. "Many courts have found that the collection—and even disclosure to certain third parties—of personal information about the users of a technology may not constitute a sufficiently 'egregious breach of social norms' to make out a common law or constitutional privacy claim." *In re Google Assistant Privacy Litig.*, 457 F.Supp.2d 797, 830 (N.D. Cal. 2020).[3]

Here, Plaintiff's claims fail as to both prongs. She has not alleged that Defendant made any such misrepresentations about privacy. Moreover, as discussed above, she consented to have her information recorded and shared with Defendant when she chose to use a chat feature that necessarily requires conversations to be captured and shared visually with Defendant. Thus, she cannot establish that she had a reasonable expectation of privacy. As to the second prong, the requirement that the

---

[3] While this is admittedly generally not a question resolved at the motion to dismiss stage, as the court in *In re Google Assistant* noted, the Court can still appropriately grant dismissal if it determines that, as a matter of law, the conduct in question could not satisfy the "highly offensive prong," even if proved true.

intrusion be "highly offensive," she has not alleged that any party has actually de-anonymized her data, only that Defendant's third-party vendor *could* do so. While routine data collection "may be highly offensive if a defendant disregards consumers' privacy choices while simultaneously 'h[olding] itself out as respecting them," (*see In re Vizio, Consumer Privacy Litig.*, 238 F.Supp.3d 1204, 1233 (C.D. Cal. 2017), Plaintiff has failed to assert such allegations. The collection of a user's browsing data, standing alone, is insufficient to satisfy the "highly offensive" prong. *See, e.g.*, *Low*, 900 F.Supp.2d at 1025 ("Although [p]laintiffs postulate that these third parties could, through inferences, de-anonymize this data, it was not clear that anyone had actually done so; *In re iPhone Application Litig.*, 844 F.Supp.2d 1040, 1063 (N.D. Cal. 2012) ("[D]isclos[ure] to third parties [of] . . . the unique device identifier number, personal data, and geolocation information from Plaintiffs' iDevices . . . does not constitute an egregious breach of social norms).

For these reasons, her intrusion upon seclusion claim should be dismissed under Rule 12(b)(6) without leave to amend.

## CONCLUSION

This Court lacks personal jurisdiction over Defendant and subject matter jurisdiction over any of the claims. Further, Plaintiff's claim falls short of alleging facts sufficient to allege a cognizable legal theory for recovery under any of her asserted causes of action. This case should be dismissed, without leave to amend.

Respectfully submitted,

DATED: August 21, 2023                    **KRONENBERGER ROSENFELD, LLP**


By: s/ Karl S. Kronenberger
    Karl S. Kronenberger

Attorneys for Defendant Pure Health
Research LLC d/b/a Purehealthresearch.com