1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

GABRIELA HERNANDEZ,

Plaintiff,

v.

PURE HEALTH RESEARCH LLC,

Defendant.

Case No. 23-cv-00971-BAS-DEB

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

**(ECF No. 10)**

## I.     Synopsis

Plaintiff Gabriela Hernandez files this First Amended Complaint against Defendant Pure Health Research LLC alleging various claims, including violations of the California Invasion of Privacy Act and the California Unauthorized Access to Computer Data Act. (First Am. Comp. ("FAC") ¶¶ 46, 61, ECF No 9.)  Plaintiff claims Defendant secretly installed surveillance tools on its website to record visitors' chat conversations and used the content of these conversations to target visitors with marketing information.  (FAC 1:2–6.)  Plaintiff alleges Defendant has violated numerous laws by collecting Plaintiff's data without her informed consent.  (FAC 1:7–8.)

Defendant moves to dismiss, claiming: (1) the Court has no subject matter jurisdiction over the case under Rule 12(b)(1); (2) the Court has no personal jurisdiction over Defendant under Rule 12(b)(2); and (3) Plaintiff has failed to state a claim upon which

- 1 -

relief can be granted under Rule 12(b)(6).  (Mot. 1:5–11, ECF No 10.)  The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1).  For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

## II.    Statement of Facts

Plaintiff visited Defendant's website, purehealthresearch.com, and utilized a chat feature on the website.  (FAC ¶ 22.)  Plaintiff alleges as a result of using this chat feature, Defendant wrongfully obtained Plaintiff's IP address, name, location, e-mail, browsing history, and other personal information.  (*Id.*)  Defendant then shared Plaintiff's personal information with companies who used this information to target individualized advertisements towards her.  (*Id.*)  Plaintiff additionally alleges that Defendant allowed a third party, SalesForce, to transmit and store a copy of all chat conversations conducted on Defendant's website so SalesForce could then sell the consumer data to other companies that make a profit by using targeted advertisements.  (FAC ¶¶ 29, 32.)  Plaintiff claims Defendant violated the California Invasion of Privacy Act by allowing and encouraging SalesForce to capture the electronic communications of visitors to Defendant's website. (FAC ¶ 50.)

Defendant is a manufacturer and seller of nutritional supplements.  (FAC ¶ 5.) Plaintiff broadly alleges this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C § 1332(d)(2).  (FAC ¶ 1.)  Plaintiff states she is a "resident" of California.  (FAC ¶ 4.)  Plaintiff additionally claims Defendant is a "manufacturer and seller of nutritional supplements based in Virginia."  (FAC ¶ 5.)

Defendant argues this Court may not exercise subject matter jurisdiction over the case because Plaintiff has failed to allege facts that support Plaintiff's claim that the amount in controversy is over $5,000,000.  (Mot. 1:5–8.)  Defendant further asserts that this Court cannot exercise personal jurisdiction over it as Plaintiff has not established Defendant has sufficient minimum contacts with California.  (Mot. 1:8–9.)  Defendant also contends that

Plaintiff has failed to state a claim upon which relief can be granted as to any of the five causes of action. (Mot. 1:10–11.) The Court focuses on Defendant's first challenge, as no claim can survive if there is no subject matter jurisdiction.

## III.    Legal Standard

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss a claim based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

A plaintiff invoking this jurisdiction must show "the existence of whatever is essential to federal jurisdiction," and if the plaintiff fails to do so, the court "must dismiss the case, unless the defect [can] be corrected by amendment." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)), *abrogated on other grounds by Hertz Corp v. Friend*, 559 U.S. 77 (2010).

A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, whereas in a factual challenge, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction. *Id*. "In response to a factual attack, [the non-moving party] must present 'affidavits or any other evidence necessary to satisfy [its] burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (quoting *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)).

23cv0971

## IV.    Analysis

Defendant challenges Plaintiff's assertion of subject matter jurisdiction and moves to dismiss Plaintiff's case for lack thereof.  The Court considers subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") since this is the only basis for subject matter jurisdiction Plaintiff alleges.  Plaintiff is required to prove subject matter jurisdiction using the three requirements under CAFA.  28 U.S.C. § 1332(d)(2), (5).

CAFA provides an independent basis for original jurisdiction.   28 U.S.C § 1332(d)(2); *see Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027, 1036.  "[T]o exercise jurisdiction over a state-law claim pursuant to CAFA, a court does not need underlying federal-question jurisdiction.   CAFA expressly extends original federal jurisdiction to state-law claims in class actions under relaxed diversity requirements."  *Floyd*, 966 F.3d at 1036.  In order for a court to have subject matter jurisdiction over a state law claim under CAFA, the amount in controversy must be over $5 million, the proposed class must consist of more than 100 members, and any member of a class of plaintiffs must be a citizen of a State different from any defendant.  28 U.S.C § 1332(d)(2), (d)(5)(B).  Since a single plaintiff must be a citizen of a different state from any defendant, CAFA abandons complete diversity and instead applies minimal diversity.  *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006).

Traditionally, a limited liability company ("LLC") is considered a citizen of every state where its members are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  However, there is an exception to this rule when an LLC is a party in a CAFA case.  CAFA states "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C § 1332(d)(10).  Since an LLC is not a corporation, an LLC may be considered an "unincorporated association" under CAFA.

The Court is unaware of a controlling Ninth Circuit case on this issue, but both the Fourth and Seventh Circuits have weighed in.  *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699–700 (4th Cir. 2010); *City of E. St. Louis, Illinois v. Netflix, Inc.*,

No. 22-2905, --- F.4th ---, 2023 WL 6782279, at *2 (7th Cir. Oct. 13, 2023).  Most recently, Judge Easterbrook cited 28 U.S.C § 1332(d)(10) to hold an LLC's membership in a CAFA case "is treated like a corporation under § 1332(c)(1): one citizenship for the state of its principal place of business, another for the state of its organization, and the investors' citizenship ignored."  *City of E. St. Louis, Illinois*, 2023 WL 6782279, at *2.  Additionally, in a concurrence from Judge Kleinfeld of the Ninth Circuit, he reasoned a limited partnership would be an unincorporated association under CAFA, which suggests an LLC should be treated similarly.  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 & n.13 (9th Cir. 2009).

Finally, district courts in California have also addressed this issue.  The Northern District held an LLC's citizenship is based on its principal place of business and laws of incorporation.  *See Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (relying on Judge Kleinfeld's concurrence).  Additionally, a court in this District reached the same conclusion.  *Ramirez v. Carefusion Res. LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (citing 28 U.S.C. § 1332(d)(10)); *see also Abrego*, 443 F.3d at 684.  This Court, applying the text of 28 U.S.C § 1332(d)(10) and following the guidance of the above sister courts, also adopts the rule that in a CAFA case, where a party is an LLC, the LLC's citizenship shall be the State under whose laws it is organized and the State where it has its principal place of business.

With the framework set, Plaintiff in this case has not established the citizenship of either party, which is needed in order for the Court to analyze subject matter jurisdiction.  Plaintiff alleges that she is a resident of California.  (FAC ¶ 4.)  However, subject matter jurisdiction under CAFA requires at least one plaintiff to have a different citizenship than at least one defendant in order to establish minimal diversity.  *Abrego*, 443 F.3d at 680.  Citizenship and residence are not synonymous terms when establishing jurisdiction.  *Parker v. Overman*, 59 U.S. 137, 141 (1855).  Establishing a party's residence, rather than citizenship, is not sufficient to show jurisdiction.  *Robertson v. Cease*, 97 U.S. 646, 650

23cv0971

(1878).  Plaintiff does not state her citizenship, and thus, it is impossible for this Court to know if there is minimal diversity between the parties.

Additionally, Plaintiff makes no allegations regarding Defendant's citizenship other than stating that Defendant is "based in Virginia." (FAC ¶ 4.) As discussed above, Plaintiff is required to establish Defendant's principal place of business and the state under which Defendant is incorporated to establish citizenship under CAFA.  *See Ferrell*, 591 F.3d at 699–700; *see also Jack*, 553 F. Supp. 3d at 715 (citing *Davis*, 557 F.3d at 1032 & n.13); *Ramirez*, 2019 WL 2897902, at *2.  A corporation's principal place of business refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  *Harris v. Rand*, 682 F. 3d 846, 849 (9th Cir. 2012) (citing *Hertz*, 559 U.S. at 80).  A principal place of business should normally be the place where the corporation maintains its headquarters.  *Id*.  Simply stating Defendant is "based in" Virginia without providing any other information about Defendant's business operations is not enough to establish that Defendant's principal place of business is Virginia.  The Court notes that in the caption of the First Amended Complaint, Plaintiff has indicated that Defendant is "a Wyoming limited liability company."  The Court will direct Plaintiff to clarify, if she chooses to file an amended complaint, that Defendant is incorporated under the laws of Wyoming and to include this information in both the caption and the body of the amended complaint.  CAFA requires only minimal diversity; however, Plaintiff has not provided enough information to satisfy even this lower standard of diversity.[1]

Since the Plaintiff has not provided sufficient facts about either party's citizenship, the Court is not able to determine whether the parties are minimally diverse from each other in accordance with CAFA.

---

[1] Plaintiff should also provide factual allegations in order to meet the other requirements of CAFA jurisdiction, including the amount in controversy.

**V.     Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED** with leave for Plaintiff to amend.  (ECF No. 13.)[2]  If Plaintiff chooses to file a Second Amended Complaint, she must do so on or before <u>November 9, 2023</u>.  Further, she should provide the state of her citizenship, the principal place of business of Defendant, and the laws under which Defendant is incorporated in order to establish subject matter jurisdiction.  The Court cautions Plaintiff that if she chooses not to file an amended complaint, the Clerk of Court shall enter a judgment dismissing this action without prejudice.

**IT IS SO ORDERED.**

**DATED: October 25, 2023**

Hon. Cynthia Bashant
United States District Judge

---

[2] The Clerk of Court is instructed to terminate the first motion to dismiss (ECF No. 8) because it became moot once the amended complaint was filed.  *See Ramirez v. Cnty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

23cv0971